(10 Misc. Rep. 22.)

### JENKINSON v. CARLIN et al.

(City Court of Brooklyn, General Term. October 22, 1894.)

MASTER AND SERVANT—NEGLIGENCE OF FELLOW SERVANTS.

  Where a workman is injured by the fall of a derrick occasioned by the neglect of another employé in charge of the derrick to provide a check rope, the master is not liable.

Appeal from trial term.

Action by Joseph Jenkinson against Patrick J. Carlin and others for personal injuries. From a judgment of nonsuit, plaintiff appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Shorter & Kurth, for appellant.

Wm. S. Cogswell, for respondents.

CLEMENT, C. J.  The plaintiff, a bricklayer by trade, was on the 18th day of March, 1893, in the employ of the defendants, who were erecting a building at the corner of Rockwell place and Dekalb avenue, in this city.  He arrived at that place at 8 o'clock in the morning, and was directed by one McCabe, who was a foreman for the defendants, to work on a certain wall.  After working there for about two hours, he was ordered by McCabe to work on a pier near a derrick on which there was no check rope.  After working an hour on the pier, the derrick fell, and he was severely injured.  The derrick fell for the reason that it had no check rope.  The plaintiff brought this action to recover damages from the defendants for their alleged negligence.  The learned trial judge dismissed the complaint at the close of plaintiff's case, and this appeal is taken from the judgment of nonsuit.

We are of opinion that the defendants are not responsible for the failure of McCabe to see that the check rope was attached to the derrick.  Crispin v. Babbitt, 81 N. Y. 516; Hussey v. Coger, 112 N. Y. 614, 20 N. E. 556; Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905.  McCabe was simply a foreman over the mason work, and his declarations after the accident did not bind the defendants.  It appeared that John Richardson, a fellow servant of plaintiff, had charge of the derrick.  He testified that the derrick fell for the reason that it had no check rope, and that he forgot to attach a rope to it.  The case, therefore, falls within the rule laid down by the court of appeals in Cregan v. Marston, 126 N. Y. 568, 27 N. E. 952, and the dismissal of the complaint was therefore right.  If the questions which were ruled out below had been answered favorably to the claim of the plaintiff, he would not stand in any better position.  There was no testimony tending to show that McCabe was incompetent to fill the position of foreman.  Judgment affirmed, with costs.